UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL HINKLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:17-cv-01391-TWP-DML |
| | ) | |
| SOUTHPOINTE MOTORCARS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## Report and Recommendation on Defendant's Motion to Stay and Compel Arbitration

This lawsuit arises out of a sale of a used pickup truck by the defendant to plaintiff Michael Hinkle. Defendant Southpointe Motorcars, LLC moves the court to compel arbitration and enter a stay, asserting that a document signed by the parties in connection with the sales transaction requires arbitration. The document is titled "Arbitration Agreement Contract Amendment" and states in relevant part:

1.  any party (meaning You [Mr. Hinkle], or the Creditor [Southpointe Motorcars]) to the Contract [the Retail Installment Contract], or its amendments, or any transactions related to the Contract or its amendments, shall have the right to demand arbitration of any claim or dispute related to the Contract or transactions relating to the Contract (collectively a "Claim") instead of having those Claims heard in a court of law by a judge or jury;

2.  the election to submit a Claim to arbitration can be made at any time, by any party, even after a lawsuit has been filed;

. . . . . . . . .

> To start arbitration and exercise any rights hereunder, either party MUST contact the association shown below and the other party. . . .
>
> The Creditor will pay the whole filing fee if it demands arbitration first.

*See* Dkt. 16-2.

According to Southpointe's reply brief, Southpointe has now contacted the American Arbitration Association, and the AAA has advised it that where there is an agreement that the business pays all of the filing fee, then the claimant can file his arbitration demand and enter "0" as the amount he owes for the filing fee. *See* Dkt. 23-1. In Mr. Hinkle's sur-reply, he states (after finally being provided a copy of the Arbitration Agreement and proof that Southpointe contacted the AAA) that he "agrees to file his claim in arbitration provided the Defendant pays the entire filing fee as required by the [Arbitration Agreement]." Dkt. 24 at p. 4. Mr. Hinkle also agrees that the case should be stayed. *Id.*

The court finds that because Southpointe has now demanded arbitration, is the party who *first* demanded arbitration, and has contacted the AAA, then arbitration must be compelled *provided that* Southpointe pays the "whole filing fee." Mr. Hinkle may file his claim with the AAA and state that there is an agreement that Southpointe will pay all of the filing fee.

## Conclusion

Under the clear terms of the parties' Arbitration Agreement. Mr. Hinkle's claims became subject to arbitration once arbitration was demanded by Southpointe

and Southpointe contacted the arbitration association. The Agreement requires Southpointe to pay the filing fee under these circumstances.

The Magistrate Judge reports and recommends that the District Judge GRANT the defendant's motion to compel and to stay (Dkt. 15) by entering an order requiring Mr. Hinkle to file his claim with the AAA with no filing fee charged to him and staying this case pending the arbitration.

Any objections to this report and recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure. The parties should not anticipate any extension of this deadline or any other related briefing deadlines.

IT IS SO RECOMMENDED.

Dated: August 23, 2017

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:
All ECF-registered counsel of record by email through the court's ECF system